IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00703-BNB

CLIFFORD WOODS,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF'S OFFICE,
EXECUTIVE ADMINISTRATION (C.J.C.), and
MEDICAL ADMINISTRATION (C.J.C.),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 - 2007

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff, Clifford Woods, currently is detained at the El Paso Criminal Justice Center in Colorado Springs, Colorado. Mr. Woods initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 alleging that his rights under the United States Constitution have been violated.

The Court must construe the Complaint liberally because Mr. Woods is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Woods will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is deficient. Defendants El Paso County Sheriff's Office, Executive Administration (Criminal Justice Center), and Medical Administration (Criminal Justice Center) are not separate entities from El Paso

County and, thus, are not persons under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against Defendants must be considered as asserted against El Paso County.

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Woods cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must name Defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named Defendant personally participated in the asserted claims.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*,

475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Woods will be ordered to file an Amended Complaint that names as defendants the specific persons who allegedly violated his rights. Accordingly, it is

ORDERED that Mr. Woods shall file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Woods, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Woods submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if **within thirty days from the date of this Order** Mr. Woods fails to file an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED April 30, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00703-BNB

Clifford Woods
Prisoner No. A00128785
El Paso County Det. Facility
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on __5-1-07__

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk