IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00703-BNB

CLIFFORD N. WOODS,

    Plaintiff,

v.

EL PASO COUNTY SHERIFFS,
EL PASO COUNTY MEDICAL ADM,
JAY LAUER, El Paso County Attorney, and
JUDY FENDER, El Paso County Heath [sic] Services [sic] Adm,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 16 2007

GREGORY C. LANGHAM
                  CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Clifford N. Woods currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Originally on March 30, 2007, Mr. Woods submitted to the Court a Prisoner Complaint asserting that he was assaulted by several El Paso County Sheriffs and was denied proper medical treatment in violation of his Eighth Amendment rights.

Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that Plaintiff failed to assert personal participation by properly named defendants. Plaintiff was directed to amend the Complaint and correct the deficiencies. On July 3, 2007, Plaintiff filed an Amended Complaint but again failed to assert personal participation by

properly named defendants. Magistrate Judge Boland then directed Plaintiff to file a Second Amended Complaint and again instructed Plaintiff to state in the Second Amended Complaint what Defendants did to violate his constitutional rights. Plaintiff also was instructed that he may name "John Doe" defendants if he did not know the names of individuals who personally participated in the alleged violations. Magistrate Judge Boland further informed Plaintiff that he must provide sufficient information about any John Doe defendants so that they may be identified for the purpose of service.

On August 8, 2007, Plaintiff filed a Second Amended Complaint. In the Second Amended Complaint, Mr. Woods asserts that he was assaulted by three John Doe El Paso County Sheriffs and that he was denied proper medical attention after the assault by both the Sheriffs and by Defendant Judy Fender. Mr. Woods claims he has exhausted his administrative remedies and seeks compensatory and punitive damages.

With respect to the claims asserted against Defendant Judy Fender the action will be drawn to a district judge and to a magistrate judge.

As for Defendant El Paso County Medical Administration, Magistrate Judge Boland informed Mr. Woods, in the May 1, 2007, Order, that the El Paso Medical Administration is not a separate entity from El Paso County and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the El Paso County Medical Administration must be considered as asserted against El Paso County.

Plaintiff further was instructed that he must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged

2

if he seeks to name El Paso County as a defendant. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Magistrate Judge Boland also informed Plaintiff that he cannot state a claim for relief against El Paso County under § 1983 merely by pointing to isolated incidents. ***See Monell v. Dep't of Soc. Servs.***, 436 U.S. 658, 694 (1978).

Even if the Court were to consider that Plaintiff intended to name El Paso County as a defendant, the facts Mr. Woods asserts do not support arguable claims against El Paso County. Therefore, Defendant El Paso County Medical Administration will be dismissed from the action.

Defendants El Paso County Sheriffs also will be dismissed. Contrary to Magistrate Judge Boland's instruction, Plaintiff has failed to provide sufficient information for service to be effected against the El Paso County Sheriffs. Mr. Woods also failed to name the El Paso County Sheriffs in Section "A Parties." of the complaint form as he was directed to do by Magistrate Judge Boland. Therefore, Defendants El Paso County Sheriffs will be dismissed from the action at this time without prejudice. Plaintiff may seek to amend the Complaint at a later date once he has sufficient information as to the identity of the Sheriffs involved in the alleged assault.

Defendant Jay Lauer also will be dismissed from the action as Plaintiff fails to state a claim against Mr. Lauer. Accordingly, it is

ORDERED that Defendants El Paso County Medical Administration and Jay Lauer are dismissed from the action. It is

FURTHER ORDERED that El Paso County Sheriffs are dismissed from the action without prejudice. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants El Paso County Medical Administration, Jay Lauer, and El Paso County Sheriffs from the docketing record as parties to this action. It is

FURTHER ORDERED that the claim asserted against Defendant Judy Fender shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _15_ day of _____Aug._____, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00703-BNB

Clifford Woods
Prisoner No. A00128785
El Paso County Det. Facility
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/16/7

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk