IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00703-EWN-KMT

CLIFFORD N. WOODS,

    Plaintiff,

v.

JUDY FENDER, El Paso County Heath [sic] Servics [sic] Adm.,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case involves a claim that Defendant violated Plaintiff's Eighth Amendment and Fourteenth Amendment rights. This matter is before the court on "Defendant's Motion for Summary Judgment" (Doc. No. 52) filed December 14, 2007. Jurisdiction is premised upon 28 U.S.C. § 1983 (2007).

### STATEMENT OF THE CASE

    The following facts are taken from Plaintiff's Second Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the El Paso County Criminal Justice Center ("CJC"). (Second Am. Prisoner Compl. at 2 [hereinafter "Compl."] [filed August 8, 2007].) Plaintiff has named Judy Fender, El Paso County Health

Services Administrator, as the defendant[1]. (Compl. at 1–2.) Plaintiff asserts Defendant violated his Eighth Amendment and Fourteenth Amendment rights with "deliberate indifference" and "wanton disregard," thereby causing permanent physical injury, by the complete denial of any medical attention. (Compl. at 3.) Plaintiff states he was arrested on May 8, 2005, by deputies who threw him against his car and broke his finger in two places. (*Id.*) Plaintiff asserts two claims for relief. In Claim One, Plaintiff states the CSC staff ignored his requests for medical care. (*Id.* at 4.) Plaintiff does not make any allegations against Defendant Fender in Claim One. (*Id.*) In Claim Two, Plaintiff claims Defendant Fender caused him personal injury by ignoring him and denying him medical services and rights. (*Id.* at 5.) Plaintiff seeks compensatory damages, and punitive damages. (*Id.* at 8.)

Defendant has filed a motion for summary judgment on the bases that: (1) Defendant was not employed at the CJC until the final fourteen days of Plaintiff's incarceration, she had no involvement with Plaintiff during her employment, and therefore she could not have been deliberately indifferent to his serious medical needs; and (2) the Prison Litigation Reform Act ("PLRA") requires dismissal of Plaintiff's claims. (Def.'s Mot. for Summ. J. at 7–14 [hereinafter "Mot."] [filed December 14, 2007].)

---

[1]On August 16, 2007, Senior Judge Zita L. Weinshienk issued an order dismissing the claims against the other named defendants. (Doc. No. 25.)

## PROCEDURAL HISTORY

Plaintiff's Second Amended Prisoner Complaint was filed on August 8, 2007. (Compl.) Defendant filed her motion for summary judgment on December 14, 2007. (Mot.) No response or reply has been filed. This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## ANALYSIS

*1.  Failure to Exhaust Administrative Remedies Under the Prison Litigation Reform Act*

Defendant moves for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies, as required by the PLRA, 42 U.S.C. § 1997e(a). Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), the United States Supreme Court held, *inter alia*, that under the PLRA, courts should not dismiss prisoner complaints in their entirety when the plaintiff presents some claims for which administrative remedies have been exhausted, and some claims for which administrative remedies have not been exhausted. *Id.*, 199 U.S. at —, 127 S. Ct. at 923–26. The Court held also that exhaustion is not per se inadequate simply because a defendant named in a lawsuit was not named in prison grievances filed on the same issue. *Id.*, 199 U.S. at —, 127 S. Ct. at 923. Further, the Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and prison inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.*, 199 U.S. at —, 127 S. Ct. at 921.

Defendant states during Plaintiff's incarceration at the CJC, the facility had in effect the 2005 El Paso County Sheriff's Office Inmate Handbook which sets forth the applicable

5

grievance procedures to be followed by inmates. (Mot. at 13; Ex. E.) On April 9, 2005, Plaintiff reviewed and initialed a "Medical Screening Report" document in which he acknowledged that he understood his right to file a grievance concerning access to health care services. (Ex. A, CHM 0132.) The CJC grievance procedures allow inmates to file a grievance for any situation regarding the inmate's health and welfare. (Ex. E.) The CJC procedure provides that if an inmate is not satisfied with the response the inmate receives to a grievance, the inmate is entitled to one level of appeal. (*Id.*) The appeal is directed to a staff member who is one rank higher than the staff member who gave the response to the inmate's initial grievance. (*Id.*)

Defendant asserts Plaintiff never filed a grievance or appeal regarding any matter for which he was treated during his 2005 incarceration. (Mot., Ex. B, Decl. of Judy Ann Fender, R.N., Health Services Administrator ¶ 3 [hereinafter "Fender Decl."].) Plaintiff has failed to respond to Defendant's assertion.

Therefore, this court determines there is no genuine issue of material fact as to Plaintiff's failure to comply with his obligations under the PLRA to exhaust his administrative remedies as set forth in the CJC grievance procedure. Accordingly, Plaintiff's summary judgment is properly granted in favor of Defendant based upon Plaintiff's failure to exhaust his administrative remedies.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant's Motion for Summary Judgment" (Doc. No. 52) be GRANTED, and that the case be dismissed in its entirety, with prejudice.

# ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge