IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00703-EWN-KMT

CLIFFORD N. WOODS,

    Plaintiff,

v.

JUDY FENDER, El Paso County Heath [sic] Servics [sic] Adm.,

    Defendant.

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**
Janet D. Zinser, Judicial Assistant

Plaintiff's "Motion for an Order Compelling Disclosure or Discovery" (#77, filed April 2, 2008), "Pro-Se Plaintiff Motion to Strike Defendant Judy Fender March 14, interrogatories, and Request for Production of doc" (#80, filed April 22, 2008), and "Motion to Declaration for Entry of Default"(#92, filed August 25, 2008) are DENIED as they are unintelligible.

Plaintiff's "Ruling on Motions" (#90, filed July 1, 2008) is DENIED as moot.

Plaintiff failed to confer with Defendant before filing his present motions. The Tenth Circuit has cautioned that pro se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."(citing cases)). The Local Rules of Practice for the District of Colorado (effective April 15, 2002 with updates through January 1, 2008) require all parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997).

Furthermore, Fed. R. Civ. P. 5(a)(1) requires that any pleading filed after the original complaint and any written motion be served on any party. Plaintiff did not serve his motions on Defendant. Any further documents filed by Plaintiff not served on Defendant may be stricken.

Dated: September 24, 2008