IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 07-cv-00703-PAB-KMT

CLIFFORD N. WOODS,

    Plaintiff,

v.

JUDY FENDER, El Paso County Heath [sic] Servics [sic] Adm.,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 94], which recommends that the Court grant defendant's motion for summary judgment [Docket No. 52]. After requesting [Docket No. 96] and receiving [Docket No. 98] an extension of time to object, plaintiff timely filed objections [Docket No. 100] to the Recommendation.[1] Where a

---

[1] After the issuance of the Recommendation, plaintiff also filed an "objection to summary judgment" [Docket No. 99] which opposes granting the motion for summary judgment until plaintiff can determine the identities of what he claims are additional but as-yet-unknown defendants. At the outset of this case, the Court dismissed as defendants the "El Paso County Sheriffs" but made the dismissal without prejudice, granting plaintiff leave to amend if and when he obtained sufficient information as to the identity of the specific sheriffs involved in the events surrounding his claim [Docket No. 25]. Plaintiff's "objection to summary judgment" appears to complain that dismissal of this case will impair his ability to add these additional defendants. However, discovery in this matter is closed – and had been closed for more than nine months when the Recommendation was issued – and plaintiff still has not identified any new participants. Plaintiff has had his chance to amend. In any event, as plaintiff's claims against the

party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation *de novo*. Fed.R.Civ.P. 72(b).

Plaintiff claims that defendant Judy Fender, the health services administrator at the El Paso County Correctional Justice Center, denied him medical treatment for an injury to his hand that occurred during plaintiff's arrest. Defendant moved for summary judgment arguing (and providing evidence) that plaintiff had not exhausted his administrative remedies as required by the Prison Litigation Reform Act. Plaintiff did not respond to this motion. Upon review of the record, the magistrate judge found that there was no genuine issue of material fact as to plaintiff's failure to exhaust and recommended dismissal on this ground.

Plaintiff's objections focus primarily on the circumstances of his arrest and injury and on claims that he has inadequate access to legal resources.[2] However, these issues are not relevant to the question of exhaustion that formed the basis for the magistrate judge's recommendation. Plaintiff does cursorily claim that he filed an administrative grievance but provides no affidavit or other evidence to support this

---

sheriffs were dismissed without prejudice, nothing in the Court's ruling prevents plaintiff from filing a new complaint if and when he obtains sufficient identifying information (subject, of course, to issues of timeliness and *res judicata*).

[2] In particular, plaintiff complains that he was denied due process by being "taken off" the law library. This claim was not part of plaintiff's complaint and is therefore improperly raised in this objection. The Court expresses no opinion on the merits of this issue.

2

statement. Mere allegations cannot defeat summary judgment in the face of defendant's sworn affidavit that no such grievance was filed. [Docket No. 52-3 ¶ 3.] I concur with the magistrate judge's well-reasoned recommendation that this case be dismissed for failure to exhaust. Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 94] is ACCEPTED. It is further

**ORDERED** that defendant's motion for summary judgment [Docket No. 52] is GRANTED. This case is dismissed WITHOUT PREJUDICE. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be without prejudice." (citing *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005))). Judgment shall enter in favor of defendant and against plaintiff on all claims. It is further

**ORDERED** that, in light of this dismissal, plaintiff's objection [Docket No. 135] to the magistrate judge's denial [Docket No. 133] of plaintiff's motion to compel defendant to respond to his settlement letter [Docket No. 131] is DENIED as MOOT.

DATED March 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge